# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 22-0288V
UNPUBLISHED

| | |
|---|---|
| JODI LAWTON and CHRISTI KIRLAND, as personal representatives of the ESTATE OF GRACE L. SHARPE,<br><br>                    Petitioners,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: February 13, 2023<br><br>Special Processing Unit (SPU); Ruling on Entitlement; Concession; Table Injury; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Andrew Gordon Melling*, Burr & Forman, LLP, Columbia, SC, for Petitioner.

*Emily H. Manoso*, U.S. Department of Justice, Washington, DC, for Respondent.

### RULING ON ENTITLEMENT[1]

      On March 14, 2022, Jodie Lawton and Christi Kirkland ("Petitioners"), as the personal representatives of the estate of Grace L. Sharpe ("Ms. Sharpe") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioners alleged that Ms. Sharpe suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered to her on October 6, 2020. Petition at 1. Petitioners further allege that Ms. Sharpe's death on November 5, 2020, was a sequela of her GBS. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On February 10, 2023, Respondent filed a combined Rule 4(c) report/Proffer in which he concedes that Petitioners are entitled to compensation in this case. Rule 4(c) Report/Proffer at 1. Specifically, Respondent states that "petitioners have satisfied the criteria set forth in the Vaccine Injury Table ('Table') and the Qualification and Aids to Interpretation ('QAI'), which afford petitioners a presumption a presumption of causation if the onset of GBS occurs between three and forty-two days after a seasonal flu vaccination and there is not preponderant evidence of an alternative cause." *Id.* at 5. Respondent further agrees that "the records show that petitioners timely filed their case, that petitioners' decedent, Ms. Sharpe, received the flu vaccine in the United States, and that based on the medical records outlined above, a preponderance of the evidence establishes that petitioners have met the statutory severity requirement in that Ms. Sharpe's death was related to her GBS." *Id.*

In view of Respondent's position and the evidence of record, I find that Petitioners are entitled to compensation.

IT IS SO ORDERED.

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master