**Corrected**

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 22-0288V
UNPUBLISHED

| | |
|---|---|
| JODI LAWTON and CHRISTI KIRKLAND, as personal representatives of the estate of GRACE L. SHARPE,<br><br>      Petitioners,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: February 13, 2023<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS); Death |

*Andrew Gordon Melling*, Burr & Forman, LLP, Columbia, SC, for Petitioners.

*Emily H. Manoso*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On March 14, 2022, Jodi Lawton and Christi Kirkland ("Petitioners"), as personal representatives of the estate of Grace L. Sharpe ("Ms. Sharpe"), filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioners alleges that Ms. Sharpe suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered to her on October 6, 2020. Petition at 1. Petitioners further allege that Ms. Sharpe's death on November 5, 2020, was a sequela of her GBS. *Id.* The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

2

On February 13, 2023, a ruling on entitlement was issued finding Petitioners entitled to compensation for GBS and Ms. Sharpe's resulting death. On February 10, 2023, Respondent filed a combined Rule 4(c) Report and Proffer ("Rule 4/Proffer") on award of compensation indicating Petitioners should be awarded a total of $395,000.00 (consisting of $145,500.00 for pain and suffering, and $250,00.00 for the death benefit). Rule 4/Proffer at 5-6. In the Rule 4/Proffer, Respondent represented that Petitioners agree with the proffered award. *Id.* Based on the record as a whole, I find that Petitioners are entitled to an award as stated in the Rule 4/Proffer.

**The following is ORDERED**: **Pursuant to the terms stated in the Rule 4/Proffer**, **I award Petitioners a lump sum payment of $395,000.00 (consisting of $145,500.00 for pain and suffering, and $250,00.00 for the death benefit) in the form of a check payable to Petitioners.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                        **s/Brian H. Corcoran**
                                        Brian H. Corcoran
                                        Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.