# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-0288V

|  |  |
|---|---|
| JODI LAWTON and CHRISTI KIRKLAND, as personal representatives of the estate of GRACE L. SHARPE,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: August 22, 2023 |

*Andrew Gordon Melling*, Burr & Forman, LLP, Columbia, SC, for Petitioner.

*Emily H. Manoso*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 14, 2022, Jodi Lawton and Christi Kirkland ("Petitioners"), as personal representatives of the estate of Grace L. Sharpe ("Ms. Sharpe"), filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioners allege that Ms. Sharpe suffered Guillain-Barré syndrome as a result of an influenza vaccine administered to her on

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

October 6, 2020. Petition, ECF No. 1. On February 13, 2023, I issued a decision awarding compensation to Petitioners based on the Respondent's proffer. ECF No. 32.

Petitioners have now filed a motion for attorney's fees and costs, requesting an award of $28,430.96 (representing $25,629.50 for attorney's fees and $2,801.46 for attorney's costs). Petitioners' Application for Attorney's Fees and Costs ("Motion") filed June 22, 2023, ECF No. 42. In accordance with General Order No. 9, Petitioners filed a signed statement indicating that they incurred no out-of-pocket expenses. ECF No. 35.

Respondent reacted to the motion on July 5, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 43. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioners' request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$28,430.96 (representing $25,629.50 for attorney's fees and $2,801.46 in costs) as a lump sum in the form of a check jointly payable to Petitioners and Petitioners' counsel, Andrew G. Melling.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.